UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANIEL DENSLINGER, )
)
      Plaintiff, )
)
v. ) No. 3:09-0153
) **JUDGE HAYNES**
TOM WALL, ET AL., )
)
      Defendants. )

## MEMORANDUM

Plaintiff, Daniel Denslinger, a state prisoner, filed this *pro se* action under 42 U.S.C. § 1983 against defendants: Tom Wall, Sheriff of Dickson County; Capt. Donnie Young, Dickson County Jail officers; and Lt. Rhonda Felts, Dickson County Jail officer. Plaintiff alleges that when he was incarcerated in the Dickson County Jail, he was subjected to unconstitutional conditions of confinement. Plaintiff is suing Sheriff Wall in his individual capacity only, and Capt. Young and Lt. Felts are named in their individual and official capacities.[1] Plaintiff seeks only money damages.

Plaintiff alleges that some of the inmates in the Dickson County Jail plugged up their toilets so that the water could not drain, thereby flooding the pod in which he was housed. (Docket Entry No. 1, ¶ IV, p. 5) Plaintiff asserts that Young turned the water off in the cells. (Docket Entry No. 1, ¶ IV, p. 5) Plaintiff avers that he was using the toilet when Young turned the water off in his cell, leaving human waste in the bowl. (Docket Entry No. 1, ¶ IV, p. 5) According to Plaintiff, he also had to sleep on the floor with his head next to the toilet because there were two men in a one-man cell. (Docket Entry No. 1, ¶ IV, p. 5) Plaintiff alleges that Young left the water off for more than

---

[1] Plaintiff specifies the capacity in which he is suing Sheriff Wall and Capt. Young. (Docket Entry No. 1, ¶¶ III.B.1-2, p. 4) However, he does not specify in what capacity he is suing Lt. Felts. (Docket Entry No. 1, p. 4 Ext.) The Court liberally construes the complaint to sue Lt. Felts in both her individual and official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 773-775 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989).

18 hours. According to Plaintiff, he asked Felts to turn the water on in his cell so that he could flush the toilet. (Docket Entry No. 1, ¶ IV, p. 5) When Felts allegedly refused to turn on the water, Plaintiff asked Felts to contact the Sheriff, but she refused. (Docket Entry No. 1, ¶ IV, p. 5)

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment "imposes duties on [jail] officials . . . [to] provide humane conditions of confinement; [jail] officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation marks and citations omitted). Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.*

(quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

As previously noted, Plaintiff sues Young and Lt. Felts in their official capacities. When, as here, a plaintiff sues a state actor in their official capacity, the real party in interest is the represented governmental entity. *See Hafer v. Mels*, 502 U.S. 21, 25-26 (1991). By suing Young and Felts in their official capacities, Plaintiff is, in essence, suing the County of Dickson. To be entitled to relief under such circumstances, Plaintiff must alleged facts suggestive that the violations of his constitutional rights stem from a County policy, regulation, decision, custom. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). From the Court's view, Plaintiff does not allege any facts suggestive of County policy, regulation, decision or custom. Plaintiff's claims against Young and Felts in their official capacities arose out of an isolated incident and should be dismissed for failure to state a claim on which relief may be granted.

As to Wall in his individual capacity, Plaintiff alleges that as Sheriff, Wall did not respond to his grievances on the matter, or Plaintiff's attempt to follow-up on his grievance. (Docket Entry No. 1, ¶ IV.C, p. 4) Where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct. *See Shehee*, 199 F.3d at 300. More particularly, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WestLaw 202173 at * 2 (6th Cir. (Mich.))(citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989).

Plaintiff does not allege that Sheriff Wall was directly responsible for the alleged actions of

3

Capt. Young and/or Lt. Felts. Nor does Plaintiff allege that Sheriff Wall acted pursuant to a policy or custom that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Plaintiff merely alleges that Sheriff Wall did not respond to his grievances, that does not give rise to liability under § 1983. Thus, Plaintiff's claim against Sheriff Wall in his individual capacity should be dismissed for failure to state a claim on which relief may be granted.

As to his claims against Young in his individual capacity, Young allegedly left the water turned off in the cells for 18 hours. Yet, Plaintiff also alleges Young did so when "other inmates plug[g]ed up their toilets so the water couldn't drain." Under these allegations, Young did not turn the water off in deliberate indifference to Plaintiff's safety and well being.
Accordingly, Plaintiff's claim against Capt. Young should be dismissed for failure to state a claim on which relief may be granted.

As to Plaintiff's claims against Felts in her individual capacity, Plaintiff alleges Felts would not turn on the water, contrary to Young's orders, nor get the Sheriff when Plaintiff requested Plaintiff's allegations do not describe Felts' alleged omissions as deliberate indifference to Plaintiff's safety and/or well being. Accordingly, Plaintiff's claims against Felts in her individual capacity should be dismissed as well for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

William J. Haynes, Jr.
United States District Judge